833 F.2d 1023
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Albert J. LOVSHIN, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 87-3214.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1987.
 
 Before MARKEY, Chief Judge, and NIES and BISSELL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Albert J. Lovshin seeks review of the final opinion and order of the Merit Systems Protection Board, Docket No. SF07528311046, refusing to consider Lovshin's claim for back pay alleging that, pursuant to 5 C.F.R. Sec. 831.1206, the Department of the Navy should not have removed him while his disability retirement application was pending. We affirm.
 
 OPINION
 
 2
 In Lovshin v. Department of the Navy, 767 F.2d 826 (Fed.Cir.1985), cert. denied, 106 S.Ct. 1523 (1986), this court remanded for the board to determine whether Lovshin had raised before the presiding official the issue of entitlement to back pay under 5 C.F.R. Sec. 831.1206 so that the issue could be properly considered on appeal. 767 F.2d at 845-46. On remand the board answered that query in the negative and explained that it would "not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite [Lovshin's] due diligence."
 
 
 3
 In this appeal, Lovshin challenges the board's remand decision and maintains that he did, in fact, raise before the presiding official the issue of his entitlement to back pay under section 831.1206. Lovshin argues that the board should have considered his claim because the presiding official "acknowledg[ed] the regulation at issue in his initial decision." However, Lovshin does not pinpoint where in the initial decision the presiding official specifically acknowledged the regulation, and, from our review of the decision, we find no mention of it.
 
 
 4
 Instead, Lovshin refers only to the presiding official's statement that "the agency, on October 23, 1981, submitted an agency-initiated application for disability retirement on behalf of [Lovshin] to the Office of Personnel Management (OPM)."